# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3825

_____

| | | |
|---|---|---|
| Diana Mwangi, | * | |
| | * | |
| Petitioner, | * | |
| | * | Petition for Review of an |
| v. | * | Order of the Board of |
| | * | Immigration Appeals. |
| John Ashcroft, Attorney General of | * | |
| the United States, | * | |
| | * | |
| Respondent. | * | |

_____

Submitted: October 21, 2004
Filed: November 10, 2004

_____

Before BYE, BEAM, and GRUENDER, Circuit Judges.

_____

BYE, Circuit Judge.

Diana Mwangi, a native and citizen of Kenya, petitions for review of the Board of Immigration Appeal's (BIA) order affirming without opinion an immigration judge's (IJ) denial of her application for asylum, withholding of removal and protection under the United Nations Convention Against Torture and Other Cruel Inhuman or Degrading Treatment or Punishment (CAT). We find the decision supported by substantial evidence, thus we deny the petition for review.

# I

Ms. Mwangi entered the United States in March 1997 on a student visa to attend North Hennepin College in Minneapolis, Minnesota. Ms. Mwangi, however, never attended school in the United States and acknowledged that she never had any intention of doing so. Ms. Mwangi now claims she entered the United States to seek asylum.

The Immigration and Naturalization Service (INS) commenced removal proceedings against Ms. Mwangi, pursuant to 8 U.S.C. § 1227(a)(1)(B), charging her with failing to maintain or comply with conditions of her non-immigrant status. She conceded her removability, but sought asylum under 8 U.S.C. § 1158, withholding of removal under 8 U.S.C. § 1231(b)(3), and protection under Article III of CAT, Dec. 10, 1984, art. 3, S. Treaty Doc. No 100-20, 20, 1465 U.N.T.S. 85, 113. Ms. Mwangi claimed she would suffer persecution upon her return to Kenya because of her participation in a drama club that performed a play for a Kenyan opposition group.

At the asylum hearing, Ms. Mwangi was the sole witness to testify on her behalf. According to Ms. Mwangi, a couple years after graduating from high school she enrolled in the Paip Computer Institute, a college in Nairobi where she joined the drama club, and later served as its chairperson. Ms. Mwangi testified that, in February 1995, her drama group performed a play entitled "Things Fall Apart" before the FORD-Asili group, a Kenyan opposition party.[1] She stated that, at the conclusion of the performance, government authorities broke up the meeting as an unlicensed gathering. Upon returning to the school the following day, Ms. Mwangi testified she

---

[1]Ms. Mwangi is not a member of any political group and has never publicly spoken out against the government of Kenya. Although she once attended an election meeting of the FORD-Asili group, she never donated money, paid dues or received a membership card.

learned the government had arrested her drama teacher, school principal and a few of her fellow students for participation in the play.

According to Ms. Mwangi, the entire student population of more than 4,000, along with members of the public and students of other schools, protested the arrests in the streets of Nairobi. When the police arrived to quell the protests, the protesters including Ms. Mwangi, began throwing stones. At some point, as the protestors approached the parliament building, the police began firing upon the crowd, and Ms. Mwangi fled and returned to her home.

Ms. Mwangi testified she did not return to school and, in fact, the government closed the schools involved in the protests for two months after the incident. Ms. Mwangi also testified that, shortly after the demonstration, she received a letter from the High Court of Kenya requesting that she appear to testify about the incident. Ms. Mwangi testified she feared she would be arrested, so instead of appearing she went to live with her grandmother in Muranga, a town in Kenya approximately twelve hours from Nairobi. She reported no additional contact with the government during her two year stay in Muranga.[2]

During her stay in Muranga, Ms. Mwangi twice traveled to Nairobi where she obtained a passport and a student visa. She filled out the visa application at the United States embassy in Nairobi and did not mention any fear of remaining in Kenya during an interview conducted at the time. On March 4, 1997, Ms. Mwangi departed Nairobi, Kenya, for the United States. Her passport contains an exit stamp indicating she was granted permission by local authorities to depart.

---

[2]She testified that her father received three additional notices for her to appear at the High Court during that time, but that he was able to bribe local officials so that she would not have to appear.

During the asylum hearing, the IJ expressed concern that none of the country and human rights reports concerning conditions in Kenya reported a large demonstration in which thousands of students protested and as a result major universities had been closed. The IJ stated that "the existence of such widespread student demonstrations, or even strikes or shutdowns at schools should be something that is of public record somewhere." The IJ also questioned Ms. Mwangi's inability to produce the letters demanding her appearance at the High Court, especially in light of the fact she testified she intended to apply for asylum upon arriving in the United States.

To address the IJ's concerns, the IJ provided Ms. Mwangi with five additional months to produce objective documentary evidence of her claims. Despite the five-month extension, Ms. Mwangi failed to submit any additional material to corroborate her claims. The INS did, however, submit additional evidence relevant to Ms. Mwangi's claims. The INS produced various governmental and non-governmental reports showing student demonstrations in 1997 and 1999 while Ms. Mwangi was in the United States, but these reports contained no mention of student protests or school closings in 1995 as claimed by Ms. Mwangi.

With Ms. Mwangi's failure to produce additional objective documentary evidence of her claims, the IJ denied her request for asylum. The IJ found Ms. Mwangi had not been persecuted by the government of Kenya in the past and she has no well-founded fear of persecution in the future. Because Ms. Mwangi failed to establish eligibility for asylum, the IJ denied her request for withholding of removal, which has a higher burden of proof. The IJ further denied Ms. Mwangi's request for relief under CAT, finding she failed to establish she would be tortured by the Kenyan government. The IJ granted Ms. Mwangi the privilege of voluntarily departing the United States. Ms. Mwangi thereafter sought review before the BIA. The BIA affirmed the IJ's decision without opinion. This appeal follows.

## II

Because the BIA affirmed without opinion, the IJ's decision is the final agency decision for purposes of review. Wondmneh v. Ashcroft, 361 F.3d 1096, 1097 (8th Cir. 2004). We review the IJ's findings of fact, including her decision that the applicant has failed to establish eligibility for asylum, eligibility for withholding of removal or eligibility for protection under CAT using a standard equivalent to the substantial-evidence standard. Zakirov v. Ashcroft, 384 F.3d 541, 545 (8th Cir. 2004). We reverse the IJ's decision only if we find no reasonable fact-finder could arrive at the conclusions reached by the IJ. INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992); 8 U.S.C. § 1252(b)(4)(B).

### A.    Asylum

The Immigration and Nationality Act grants the Attorney General discretion to award asylum to a refugee. 8 U.S.C. § 1158(a). The Act defines a refugee as an individual who is unwilling or unable to return to her country of nationality because of past persecution or because of a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group or political opinion. Id. at § 1101(a)(42)(A). Ms. Mwangi claims she fled Kenya because of fear of persecution for her role in a drama club performance of an anti-government play. To establish this fear as well-founded, Ms. Mwangi bears the burden of showing her fear is both subjectively genuine and objectively reasonable. INS v. Cardoza-Fonseca, 480 U.S. 421, 430-31 (1987). Subjectively, Ms. Mwangi must demonstrate with credible evidence that she genuinely fears persecution; objectively, she must demonstrate through credible, direct, and specific evidence that a reasonable person in her position would fear persecution. Feleke v. INS, 118 F.3d 594, 598 (8th Cir. 1997).

The first inquiry involves whether there existed substantial credible evidence for the IJ to conclude Ms. Mwangi had no genuine subjective fear of persecution. The evidence shows Ms. Mwangi lived peacefully in Kenya for two years following the protest. She returned to Nairobi on at least three occasions without incident to obtain a government issued passport, a student visa, and to fly to America. While at the airport in Nairobi, the Kenyan government issued her a visa to leave the country. During her interview at the United States Embassy, she failed to mention her participation in the student protests and instead applied for a student visa. Although she now claims she never intended on going to school and wished to apply for asylum, she suspiciously failed to bring evidence such as the notice to appear to the United States with her. Finally, neither Ms. Mwangi nor the government could produce any objective documentary evidence of a student protest in 1995 involving thousands of students where a riot erupted and the police fired upon the crowd after which three major Kenyan schools were closed for two months. Thus, in light of the evidence or lack thereof discussed above, we believe it reasonable for the IJ to conclude Ms. Mwangi's subjective fear was minimal, if not non-existent.

Even if there were substantial evidence to conclude Ms. Mwangi suffered from a genuine subjective fear, she must still show her alleged subjective fear of persecution was objectively reasonable. Loulou v. Ashcroft, 354 F.3d 706, 709 (8th Cir. 2003). "To show fear of persecution is objectively reasonable, an alien must present 'credible, direct, and specific evidence of facts that show a reasonable person in the alien's position would fear persecution if returned to the alien's native country.'" Id. (quoting Ghasemimehr v. INS, 7 F.3d 1389, 1390 (8th Cir. 1993) (per curiam)). In the additional time granted to Ms. Mwangi by the IJ, she failed to produce any credible, direct and specific evidence of the student demonstration. The IJ's decision is supported by Ms. Mwangi's failure to produce evidence of the student demonstration. The IJ's decision is further supported by evidence she lived in Kenya for at least two years following the alleged protest without incident and evidence the Kenyan government freely issued her travel documents. Although Ms. Mwangi can

-6-

point to the generally poor human rights record of the Kenyan government, she cannot produce any particularized evidence to support her claimed fear of persecution. Safaie v. INS, 25 F.3d 636, 640 (8th Cir. 1994) (stating applicants for asylum must demonstrate a fear of particularized persecution). Thus, after a careful review of the record, we find substantial evidence to support the IJ's conclusion Ms. Mwangi failed to prove she had a well-founded fear of suffering persecution at the hands of the Kenyan government.

**B.     Withholding of Removal and CAT**

To establish eligibility for withholding of removal an alien bears the burden of demonstrating that her life or freedom would be threatened in the country designated for removal on account of one of the five grounds enumerated in the Act. 8 U.S.C. § 1231(b)(3). The requisite burden of proof to establish eligibility for asylum is lower than that required for withholding of removal. INS v. Stevic, 467 U.S. 407, 429 (1984) (explaining that a withholding of removal applicant must show a "clear probability" of persecution). Therefore, Ms. Mwangi's failure to satisfy the lesser standard applicable to her asylum claim necessarily results in failure to demonstrate her eligibility for withholding of removal. See Regalado v. INS, 305 F.3d 784, 787 (8th Cir. 2002). For similar reasons, we find substantial evidence to support the IJ's decision to deny Ms. Mwangi the protections of CAT.

III

For the foregoing reasons, we deny the petition for review.

_____