# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-1093

———————

Berthe Ebenye Njoh,         *
                                   *

        Petitioner,        *

                                   *   Petition for Review of an

    v.                     *   Order of the Board of

                                   *   Immigration Appeals.

John Ashcroft, Attorney General   *

of the United States of America,    *   [UNPUBLISHED]

                                   *

        Respondent.     *

———————

Submitted: December 27, 2004
Filed: January 12, 2005

———————

Before BYE, MELLOY, and COLLOTON, Circuit Judges.

———————

PER CURIAM.

Bertha Ebenye Njoh, a citizen of Cameroon, petitions for review of an order of the Board of Immigration Appeals (BIA) affirming an Immigration Judge's (IJ's) denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Having carefully reviewed the record, see Menendez-Donis v. Ashcroft, 360 F.3d 915, 917-19 (8th Cir. 2004) (standard of review), we deny her petition.

Njoh left Cameroon in 1991 and last entered the United States in 1995 as a nonimmigrant exchange visitor. She applied for asylum in December 1997 based on

her political opinion and her membership in a particular "social group," i.e., the Social Democratic Front (SDF). Because the SDF is a government-opposition group, we believe her claim is more properly analyzed as one based solely on political opinion. Cf. Awale v. Ashcroft, 384 F.3d 527, 529 (8th Cir. 2004) (discussing clan as social group for asylum purposes).

We agree with the IJ that the 1990 and 1991 incidents in Cameroon which Njoh described do not constitute past persecution, as she was never arrested or harmed, and after the incidents she was able to attend school and obtain travel documents. Cf. Krasnopivtsev v. Ashcroft, 382 F.3d 832, 839 (8th Cir. 2004) (persecution is extreme concept). Despite the IJ's finding that Njoh was generally credible, it was not improper for the IJ to consider the lack of corroboration for Njoh's testimony that her sister had been questioned by officials about Njoh's whereabouts in 1991 and 1993. See El-Sheikh v. Ashcroft, 388 F.3d 643, 646-47 (8th Cir. 2004) (rejecting position that applicants who have testified credibly need never provide corroboration).

Because Njoh did not establish past persecution, she was not entitled to a presumption that her fear of future persecution was well founded, and she had to establish independently such a fear. See Kondakova v. Ashcroft, 383 F.3d 792, 798 (8th Cir. 2004) (applicant must genuinely fear persecution and offer credible, specific evidence that reasonable person in her position would fear persecution if returned). We agree with the IJ that she did not do so. Njoh has not been an official SDF member since 1991, she was never a leader, and her SDF activities since leaving Cameroon have been minimal. See Krasnopivtsev, 382 F.3d at 839 (applicant must show particularized fear of persecution directed at her, not fear of general violence). We have reviewed the pages from the State Department reports cited by Njoh, and find no basis for her assertion that the IJ ignored evidence in the reports supportive of her asylum claim.

-2-

Further, it was not improper for the IJ to consider the facts that Njoh's numerous siblings remain in Cameroon unharmed, and that Njoh had delayed applying for asylum. While Njoh testified that her siblings are not SDF members, it is unclear why they would not also be in danger because of their relationship to the activist cousin Njoh mentioned, as well as to Njoh, particularly if government officials had been looking for Njoh at the family home. See id. (reasonableness of fear of persecution is diminished when family members remain in native country without harm, and applicant himself has not been singled out for abuse). The regulation Njoh cites, which governs the timeliness of asylum applications, does not preclude an IJ from considering an applicant's delay when assessing whether she has a well-founded fear of future persecution. As the IJ noted, Njoh's ability to obtain travel documents, and to leave and reenter Cameroon without incident, also undercut her claim of such a fear, especially because the State Department reports indicate that the government in Cameroon had used its passport-control powers against some political opponents. Cf. Mwangi v. Ashcroft, 388 F.3d 623, 628 (8th Cir. 2004) (IJ's decision was supported in part by evidence showing that Kenyan government had freely issued travel documents to asylum applicant).

Finally, to the extent Njoh has properly raised the IJ's denial of her other claims, see Halabi v. Ashcroft, 316 F.3d 807, 808 (8th Cir. 2003) (per curiam) (petitioner waived substantive objections to ruling by not raising them in appeal brief), she was necessarily ineligible for withholding of removal because she failed to establish eligibility for asylum, see Krasnopivtsev, 382 F.3d at 840; and there is no basis in the record for relief under CAT, see Habtemicael v. Ashcroft, 370 F.3d 774, 780-82 (8th Cir. 2004) (discussing requirements for CAT relief). Accordingly, we deny her petition.

_____