# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1036

_____

Viktors Ginters,                              *
                                              *
                Petitioner,                   *
                                              *
        v.                                    *   Petition for Review of an
                                              *   Order of the Board of
Alberto Gonzales, Attorney General            *   Immigration Appeals.
of the United States of America,              *
                                              *   [UNPUBLISHED]
                Respondent.                   *

_____

Submitted: May 12, 2005
Filed: November 3, 2005

_____

Before BYE, RILEY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Viktors Ginters, a Latvian citizen, petitions for review of an order of the Board of Immigration Appeals (BIA) affirming without opinion a decision of an Immigration Judge (IJ) to deny his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Having carefully reviewed the record, we deny the petition.

Ginters does not appear to challenge the IJ's conclusion that his asylum application was untimely and that he did not demonstrate extraordinary circumstances

relating to his delay in seeking asylum, but in any event, we would lack jurisdiction to consider such a challenge. *See* 8 U.S.C. § 1158(a)(3); *Ngure v. Ashcroft*, 367 F.3d 975, 988-89 (8th Cir. 2004). As to the withholding claim, although the record contains some disturbing testimony, we nevertheless believe a reasonable fact-finder could conclude that Ginters – who speaks Russian and is of mixed Russian ethnicity, and who came to the United States hoping to evade mandatory service in the Latvian Army – failed to establish it is more likely than not he would be persecuted if he returned to Latvia. *See* 8 U.S.C. § 1231(b)(3); *Tawm v. Ashcroft*, 363 F.3d 740, 744 (8th Cir. 2004) (for withholding, alien must establish it is more likely than not he would be persecuted); *Menendez-Donis v. Ashcroft*, 360 F.3d 915, 918 (8th Cir. 2004) (to overturn administrative findings, appeals court "must conclude not only that a persuasive case has been made for the opposite position, but that any reasonable fact-finder would be persuaded by it").

Specifically, we note the following considerations. First, the 1998 State Report for Latvia, which is included in the record of the 1999 proceedings, indicates that Latvia had taken energetic steps to stop hazing in the military and that hazing had declined to the point where no incidents had been reported in 1997. *See Navarijo-Barrios v. Ashcroft*, 322 F.3d 561, 564 (8th Cir. 2003) (BIA may reasonably rely on State Department's assessment of current country conditions as they relate to likelihood of future persecution). Second, fear of military service alone is insufficient as a matter of law to support a well-founded fear of persecution. *See Habtemicael v. Ashcroft*, 370 F.3d 774, 780 (8th Cir. 2004) (fear of mandatory military service cannot form basis for asylum claim unless service requirement is based on political beliefs). Third, there was no evidence that Latvia had passed its conscription laws to persecute persons of Russian ethnicity. *Cf. Nyonzele v. INS*, 83 F.3d 975, 983 (8th Cir. 1996) (fear of punishment based on military desertion is insufficient to establish well-founded fear absent evidence that punishment would be disproportionately severe and based upon alien's religious or political beliefs). Further, the IJ was entitled to find the testimony of Ginters's mother – that Latvian police had detained

and assaulted her because she was hiding Ginters – to be incredible, particularly given that Ginters had no difficulty getting a passport and leaving Latvia, *see Nyama v. Ashcroft*, 357 F.3d 812, 817 (8th Cir. 2004) (per curiam) (IJ's credibility findings will not be disturbed if supported by specific, cogent reasons); *cf. Mwangi v. Ashcroft*, 388 F.3d 623, 628 (8th Cir. 2004) (IJ's decision was supported in part by evidence showing that Kenyan government had freely issued travel documents to asylum applicant). The IJ also was entitled to discount the testimony of Ginters's cousin – that he had been severely beaten while serving in the Latvian Army based on his Russian ethnicity – as reflecting the isolated acts of two drunk Latvian officers. *See Nyonzele*, 83 F.3d at 983 (although acts of violence against alien family members may demonstrate well-founded fear of future persecution despite lack of persecution against petitioner, isolated acts of violence are insufficient). These considerations also support the denial of Ginters's claim for asylum, even assuming the denial was based on grounds other than the untimeliness of the application. *See Kasnecovic v. Gonzales*, 400 F.3d 812, 814-15 (9th Cir. 2005).

We also uphold the IJ's denial of relief under the Convention Against Torture, as Ginters's claim under the CAT paralleled his unsuccessful claim for withholding of removal. *See* 8 C.F.R. § 208.16(c)(2) (2004) (under CAT, applicant has burden to show it is more likely than not that he would be tortured if removed to proposed country of return); *Samedov v. Gonzales*, 422 F.3d 704, 708 (8th Cir. 2005) (independent analysis of CAT claim is unnecessary where alien claims torture would occur for no reason other than one of the statutory grounds for refugee status).

Accordingly, we deny the petition for review.

_____