

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-22-2008

# Haloci v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5354

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Haloci v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1724.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1724

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-5354
_____

OLTION HALOCI
a/k/a Oltjon,

Petitioner

v.

ATTORNEY GENERAL OF
THE UNITED STATES,

Respondent
_____

On Petition for Review from an
Order of the Board of Immigration Appeals
(Board No. A96-263-197)
Immigration Judge: Honorable Margaret R. Reichenberg

_____

Submitted Under Third Circuit LAR 34.1(a)
January 11, 2008

Before: FISHER, HARDIMAN and STAPLETON, *Circuit Judges*.

(Filed January 22, 2008)

_____

HARDIMAN, *Circuit Judge*.

Oltion Haloci petitions for review of an order of the Board of Immigration Appeals (BIA) denying his application for asylum, withholding of deportation, and protection under the Convention Against Torture (CAT).

**I.**

Because we write for the parties, we recite only the facts essential to our decision. Haloci is a native and citizen of Tirana, Albania who attempted to enter the United States using a bogus Italian passport. After he was placed in removal proceedings, Haloci claimed that if he were returned to Albania, he would be persecuted because of his political opinions and membership in a social group.

At the hearing before an Immigration Judge (IJ), Haloci testified that his grandparents were mistreated by the Communist regime and that he, his mother, and his sister were early supporters of the Democratic Party. To substantiate his claim, Haloci submitted a Democratic Party membership card indicating that he had been a member since August 20, 2002, which was four months *after* he left Albania. Haloci explained that his card was reissued on that date after he misplaced his original card.

As the Democratic Party grew stronger in the mid-1990s, Haloci's mother and sister obtained jobs with the municipal government and Haloci was permitted to attend high school until he graduated in 1996. Haloci testified that after the Socialist Party assumed power in 1997, however, his mother and sister lost their government jobs and his father's license to run his store was revoked for political reasons.

Haloci also testified that in June 2001, he was hauled into a van, beaten, and dumped in a rural area by police who raided a meeting of the Democratic Party. Haloci said that he obtained medical treatment from a friend, Dr. Irakli Nito, but did not file a police report. He also claimed that in January 2002, he was beaten by masked civilians who disapproved of his Democratic Party activities; once again, Dr. Nito treated him and he did not file a police report.

Haloci stated that he hid at his cousin's house for several months before leaving Albania in April 2002. Although Haloci possessed a bogus Italian passport procured by his father, he used his Albanian passport to travel to Turkey, where he chose not to seek asylum because he was "hoping to be able to come to America." Haloci then traveled to Holland on his Albanian passport, but discarded it there and used the Italian passport to travel to Aruba, Curaçao, and St. Martin before making his way to Puerto Rico. Haloci insisted that he would be killed by unidentified terrorist groups funded by the Socialist Party if he were forced to return to Albania.

The IJ issued an oral decision at the conclusion of the hearing, finding that Haloci was not credible. After noting that conditions in Albania had improved since the fall of

3

the Communist regime in 1990 and that there was no evidence of any pattern of persecution of Democratic Party members, the IJ found that Haloci had not established a well-founded fear of persecution and thus, was not entitled to asylum or withholding of deportation. The IJ also found Haloci ineligible for CAT relief, citing his lack of credibility and absence of evidence that his Democratic Party membership would result in his torture if he were repatriated to Albania. In a *per curiam* order issued on November 10, 2005, the BIA affirmed the IJ's decision without opinion.

## II.

Where, as here, the BIA affirms without opinion, we review the IJ's decision. *See Valdiviezo-Galdamez v. Att'y Gen.,* 502 F.3d 285, 288 (3d Cir. 2007). The IJ's findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary. *See id.*; *see also* 8 U.S.C. § 1252(b)(4)(B). Haloci bears the burden of supporting his claim and his testimony alone may doom his claim if it is not credible. *See Dia v. Ashcroft*, 353 F.3d 228, 247 (3d Cir. 2003). "[W]e afford an IJ's adverse credibility determination substantial deference if it is supported by 'specific, cogent reasons.'" *Butt v. Gonzales,* 429 F.3d 430, 436 (3d Cir. 2005).

In this case, the IJ noted important discrepancies between Haloci's claimed fear of persecution by the Socialist government and his conduct as he left the country. Despite his alleged fear of persecution, Haloci used his own Albanian passport to travel to Turkey and Holland, and only began using the bogus Italian passport thereafter. We agree with the two courts of appeals that upheld adverse credibility determinations on similar facts.

4

*See Liu v. Ashcroft,* 380 F.3d 307, 315 (7th Cir. 2004); *Wondmneh v. Ashcroft,* 361 F.3d 1096, 1098 (8th Cir. 2004).

In addition, the IJ found that Haloci's failure to seek asylum in Turkey or Holland, along with his admission that he had never considered any final destination other than the United States, further undercut his alleged fear. The record supports the IJ's findings. *See App'x* at 345, 348, 352; *see also Lumaj v. Gonzales,* 446 F.3d 194, 197 (1st Cir. 2006) (upholding IJ's finding that Albanian's failure to seek asylum in countries through which he traveled undercut his claimed fear of persecution).

The IJ also noted that discrepancies between Haloci's testimony and affidavit undermined his credibility. Haloci claimed in his affidavit that he hid at a cousin's house until the day he left Albania, whereas his testimony suggested that he had ceased hiding a month before his departure. Contrary to Haloci's argument, this is not a minor discrepancy because the question whether he was in hiding and, if so, for how long, goes to the heart of his claim insofar as it relates directly to his alleged fear of persecution. *See Gabuniya v. Att'y Gen.*, 463 F.3d 316, 321-22 (3d Cir. 2006). Similarly, Haloci's affidavit mentioned only that his father's store "was closed" when the Democratic Party lost power, but Haloci testified at the hearing that he was actually present when government officials closed the store, and that he heard them say that they did so simply because he was from "a Democratic family." We agree with the IJ's conclusion that the affidavit's omission of such striking, direct evidence of persecution rendered his testimony improbable. *See Xie v. Ashcroft,* 359 F.3d 239, 243 (3d Cir. 2004) (upholding

5

adverse credibility determination when applicant testified to an episode of persecution omitted from his asylum application).

The IJ's adverse credibility determination is also supported by Haloci's failure to produce documents or affidavits to corroborate his claims that he had been a member of the Democratic Party since the 1990s and received medical treatment after he was beaten. Haloci contends that the IJ's analysis in this regard was incomplete under *Abdulai v. Ashcroft*, 239 F.3d 542 (3d Cir. 2001), because the IJ failed to engage him about his lack of documentation regarding his tenure with the Democratic Party and his medical treatment. In fact, the IJ asked Haloci about these omissions and Haloci responded that he "didn't ask" his political ally (Vili Minarolli) or his friend and treating physician (Dr. Nito) to corroborate these details. *App'x* at 362-67.

Finally, the IJ criticized Haloci's demeanor, finding him evasive, unresponsive, and coached by his attorney when he deviated from his affidavit. Evasiveness and the appearance of coaching are valid bases for finding that an alien's testimony is not reliable and thus, not credible. *See Caushi v. Att'y Gen.,* 436 F.3d 220, 230 (3d Cir. 2006). The record supports the IJ's findings in this regard. *See App'x* at 328, 333, 335-40, 354-55.

In sum, Haloci's applications for asylum, withholding of removal, and CAT relief all rise and fall with the IJ's determination that his testimony was not credible. Because we are unable to say that the evidence compels another conclusion, *see Shardar*, 382 F.3d at 323, Haloci's Petition must be denied.

6