# United States Court of Appeals

## For the Eighth Circuit

_____

No. 17-1532

_____

Gauriben Jaydevbhai Patel

*Petitioner*

v.

Jefferson B. Sessions, III, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: January 10, 2018
Filed: January 22, 2018
[Unpublished]

_____

Before LOKEN, BEAM, and KELLY, Circuit Judges.

_____

PER CURIAM.

Gauriben Jaydevbhai Patel, a citizen of India, petitions for review of an order
of the Board of Immigration Appeals (BIA) dismissing her appeal from the decision

of an immigration judge (IJ) that denied her asylum and withholding of removal.[1] Patel sought immigration relief based on membership in the Patidar caste. While the IJ and BIA found Patel credible, each held that she failed to establish that the alleged harm she experienced rose to the level of persecution required to obtain relief, and she failed to demonstrate a well-founded fear of persecution in India.

After careful consideration, we conclude that substantial evidence supports the BIA's finding that Patel failed to show past persecution in India, or a well-founded fear of future persecution there, due to her membership in the Patidar caste. 8 U.S.C. § 1158(b)(1); Wondmneh v. Ashcroft, 361 F.3d 1096, 1097-98 (8th Cir. 2004) (standard of review). The unfortunate incidents described by Patel, that resulted in (among other things) a minor injury and unfulfilled threats of violence, and the fact that her family (including her sisters) remain unharmed in India are key considerations in this conclusion. See Tawm v. Ashcroft, 363 F.3d 740, 742-43 (8th Cir. 2004) (no past persecution where applicant twice was detained and beaten and sought medical treatment, and fear of future persecution was not well-founded or reasonable, in part, because alien's family continued to live in Lebanon without incident). Patel fails to present facts "'so compelling that no reasonable factfinder could fail to find the requisite fear of persecution.'" Melecio-Saquil v. Ashcroft, 337 F.3d 983, 986 (8th Cir. 2003) (quoting INS v. Elias–Zacarias, 502 U.S. 478, 483-84 (1992)). And, having failed to establish her eligibility for asylum, Patel necessarily cannot satisfy the more rigorous standard for withholding of removal. Wondmneh, 361 F.3d at 1099 ("The standard for withholding removal, a clear probability of persecution, is more burdensome than a request for asylum.").

Accordingly, the petition for review is denied. See 8th Cir. R. 47B.

_____

---

[1]The IJ's denial of relief under the Convention Against Torture is not before this court because the BIA held the issue was not adequately raised on appeal and thus did not rule on the matter. See Doe v. Holder, 651 F.3d 824, 830 (8th Cir. 2011) (holding that we generally may not consider issues not raised before the BIA).