# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1040

_____

| | |
|---|---|
| Youssef Al Tawm, | * |
| | * |
| Petitioner, | * |
| | * Petition for Review of an |
| v. | * Order of the Board of |
| | * Immigration Appeals. |
| John Ashcroft, U.S. Attorney General, | * |
| | * |
| Respondent. | * |

_____

Submitted: February 13, 2004

Filed: April 13, 2004

_____

Before LOKEN, Chief Judge, BOWMAN, and WOLLMAN, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Youssef Al Tawm, a native citizen of Lebanon, petitions for review of a final order of the Board of Immigration Appeals (BIA). The BIA affirmed the decision of the Immigration Judge (IJ) without opinion, see 8 C.F.R. § 1003.1(a)(7) (2004),[1] denying Al Tawm's application for asylum, withholding, and protection under the Convention Against Torture. For the reasons stated below, we deny the petition.

_____

[1]This section was renumbered. It was previously 8 C.F.R. § 3.1. See 68 Fed. Reg. 9830-9832 (Feb. 28, 2003).

# I.

Al Tawm entered the United States on October 5, 2000, without a visa. He remained in the United States, and the INS initiated removal proceedings against him on October 31, 2000. He did not dispute his removability, but applied for political asylum, claiming that he had suffered past persecution and that he had a genuine fear of future persecution because of his membership in the Lebanese Forces, a Lebanese Christian group opposing Syrian domination in Lebanon. The group was paramilitary until 1994, when the government disbanded it and placed its leader in prison.

Al Tawm provided documentary evidence that he is Catholic and that he is a member of the Lebanese Forces Party. He also provided a number of articles reporting the mistreatment of Lebanese Forces members and other activists, consisting of round-up arrests and detentions from September 2000 to August 2001. At the hearing, the IJ heard testimony from Al Tawm and from Nicholas Chahoud, his uncle and a leader within the Lebanese Forces in North America. Chahoud testified that there are approximately 10,000 Lebanese Forces members, consisting of about 70-75 percent of Maronite Christians in Lebanon. Although he has not returned to Lebanon since 1993, Chahoud testified to his belief that Al Tawm would be arrested and tortured if returned to Lebanon.

Al Tawm testified, both by affidavit and in person, that he joined the Lebanese Forces in 1988. Although he had no rank in the Forces, he worked as an information gatherer, and then as a recruiter. He testified that he experienced two brief detentions by the Syrian Secret Service in 1994 and 1998. He claims that the Secret Service stopped him in 1994, held him for four or five hours, accused him of being an agent of Israel, and beat him lightly before releasing him without charge. He claims that Syrian agents again detained him for a few hours in 1998 after he helped with a successful political campaign for the Lebanese Forces, beating, questioning, and threatening him before letting him go. After he was released, Al Tawm went to a hospital in Beirut and received an ointment for swelling. He recovered fully within

a week.  He alleges that other members of his extended family have also been detained.

Al Tawm testified that after the second arrest in 1998, he went to live with his sisters in a suburb of Beirut.  During the two years he lived with them, he did not work.  He remained part of the Lebanese Forces, helping to prepare for annual ceremonies, but had no encounters with the police or military.  He left Lebanon on September 26, 2000, with the help of a smuggler, planning to enter the United States.

## II.

We treat the IJ's decision as a final agency action for purposes of judicial review when the BIA affirms without an opinion.  Wondmneh v. Ashcroft, No. 02-4010, 2004 WL 583593, at *1 (8th Cir. March 25, 2004).  We affirm factual findings if they are supported by substantial evidence, Regalado-Garcia v. INS, 305 F.3d 784, 787 (8th Cir. 2002), and reverse the administrative decision only if the evidence shows that "a reasonable factfinder would have to conclude that the requisite fear of persecution existed."  INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992); see also Habtemicael v. Ashcroft, 360 F.3d 820, 824 (8th Cir. 2004).  We do not substitute our own judgment for that of the agency.  We review legal conclusions de novo, although we are obliged to give due deference to the agency's interpretation of the immigration laws.  Eusebio v. Ashcroft, No. 02-4062, 2004 WL 583311, at *2 (8th Cir. March 25, 2004).

To be eligible for asylum, Al Tawm must show persecution or a well founded fear of future persecution "on account of race, religion, nationality, membership in a particular social group, or political opinion."  8 U.S.C. § 1101(a)(42)(A).  We assume a rebuttable presumption that an applicant will face future persecution if he shows he suffered past persecution.  See Eusebio, 2004 WL 583311, at *1; 8 C.F.R. § 208.13(b)(1) (2004).  An action rises to the level of persecution if it involves "the infliction or threat of death, torture, or injury to one's person or freedom, on account

of" one of the enumerated grounds in the refugee definition. <u>Regalado-Garcia</u>, 305 F.3d at 787. The mere presence of some physical harm does not require a finding of past persecution.

Although Al Tawm was a member of the Lebanese Forces and was detained twice, those incidents were four years apart, lasted only a few hours each, and did not result in serious injury. Brief periods of detention do not necessarily constitute persecution, and we have rejected claims involving equally serious or more serious abuse than that claimed by Al Tawm. <u>See, e.g.</u>, <u>Eusebio</u>, 2004 WL 583311, at *2 (asylum-seeker was briefly beaten and detained during rallies, his home was damaged and looted, and he was arrested for his speech as a teacher); <u>Dandan v. Ashcroft</u>, 339 F.3d 567, 573-74 (7th Cir. 2003) (asylum-seeker suffered a one-time three-day imprisonment and a beating that caused facial swelling).

If an asylum-seeker fails to demonstrate past persecution, he must independently establish a well-founded fear of future persecution, based on both objective and subjective elements. <u>Francois v. INS</u>, 283 F.3d 926, 930 (8th Cir. 2002). He must genuinely fear persecution and must provide credible, specific evidence that a reasonable person in his position would fear persecution if returned. <u>Id.</u> Al Tawm failed to show that his fear of future persecution was either well founded or reasonable. The IJ reasonably found that country conditions in Lebanon are not such that Al Tawm's fear is objectively reasonable. Although there is evidence that politically motivated arrests of particularly prominent anti-Syrian Christian leaders have occurred, as well as brief detentions of numerous activists, many Christian opposition groups remain active. In addition, Al Tawm's family has continued to live in Lebanon without incident. He also lived there for two years after the second incident, still an active member of the Lebanese Forces, without any harassment. <u>Cf.</u> <u>Manivong v. District Director, INS</u>, 164 F.3d 432, 433 (8th Cir. 1999) (noting fear of future persecution may not be objectively reasonable if

-4-

immigrant attends school and works in his home country and his family lives there for years without incident).

Withholding of removal involves a higher degree of certainty that persecution will occur than that required for asylum eligibility. Before the government will grant withholding, the alien must present evidence to establish that it is "more likely than not that the alien would be subject to persecution on one of the specified grounds." INS v. Stevic, 467 U.S. 407, 429-30 (1984). This standard requires an objectively established "clear probability." Id., at 430. Because Al Tawm has failed to carry the burden of proof to demonstrate he is eligible for asylum, he also fails under the higher burden of proof required for withholding. See Habtemicael, 360 F.3d at 825.

Al Tawm has also failed to carry the similar burden required under the Convention Against Torture, under which he bears the burden of proof to establish that he is eligible for relief because it is more likely than not that he will be tortured if he returns to Lebanon. See Perinpanathan v. INS, 310 F.3d 594, 599 (8th Cir. 2002); 8 C.F.R. § 208.16(c)(2) (2004). Our review of the record leads us to agree with the IJ that Al Tawm has not suffered past torture and that he has not provided evidence that non-leader Lebanese Forces members are likely to be tortured by Syrian forces upon return.

Finally, Al Tawm challenges the BIA's choice to affirm the IJ's decision without an opinion. Immigrants denied asylum by the IJ have a right to administrative appeal, See 8 U.S.C. § 1101(a)(47). Nevertheless, the BIA does not abuse its discretion when it adopts the decision of an IJ, because the reasoning in the IJ's opinion is sufficient to satisfy the requirement that the agency set out the basis for its decision. Dominguez v. Ashcroft, 336 F.3d 678, 680 (8th Cir. 2003). The BIA may affirm without an opinion under 8 C.F.R. § 1003.1(a)(7) (2004), which provides that such an affirmance is permissible if one member of the BIA determines that the IJ's decision is correct and any error is harmless, that the issue is squarely controlled

by precedent or law, and that any factual or legal questions are insubstantial. Id. We conclude that it was not inappropriate for the BIA to make the choice to utilize that procedure in this case.

The petition for review is denied.

_____