# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2311

_____

Evelia Herrera Davila,                *
                                    *
           Petitioner,       *
                                    *
      v.                       *   Petition for Review of an
                                    *   Order of the Board of
John Ashcroft,                 *   Immigration Appeals.
                                    *   [UNPUBLISHED]
           Respondent.     *

_____

Submitted: July 21, 2004
Filed:  August 6, 2004

_____

Before MURPHY, FAGG, and SMITH, Circuit Judges.

_____

PER CURIAM.

Evelia Herrera Davila (Herrera), a native and citizen of Guatemala, petitions for review of an order of the Board of Immigration Appeals (BIA) affirming an Immigration Judge's (IJ's) denial of her application for asylum and withholding of removal.

After careful review of the record, we deny the petition because substantial evidence on the record as a whole supports the IJ's conclusions. See Menendez-Donis v. Ashcroft, 360 F.3d 915, 917-19 (8th Cir. 2004) (standard of review). We agree with the BIA that Herrera failed to show past persecution based

on political opinion, see Al Tawm v. Ashcroft, 363 F.3d 740, 743 (8th Cir. 2004) (mere presence of some physical harm does not require finding of past persecution), or a well-founded fear of future persecution, see Melecio-Saquil v. Ashcroft, 337 F.3d 983, 987 (8th Cir. 2003) (record supported IJ's finding that asylum applicant who claimed he had been beaten by guerrillas in mid-1980's lacked well-founded fear of future persecution due to "dramatic changes in Guatemala after the 1996 peace accords"); Perinpanathan v. INS, 310 F.3d 594, 599 n.1 (8th Cir. 2002) (State Department reports are persuasive authority for determining whether asylum-seeker has well-founded fear of future persecution). Because we agree with the IJ's decision as to asylum, we also uphold the IJ's decision as to withholding of removal. See Francois v. INS, 283 F.3d 926, 932-33 (8th Cir. 2002) (standard for withholding of removal is more onerous than asylum standard).

Finally, Herrera's challenge to the BIA's summary-affirmance procedure is unavailing because she received a full hearing before an IJ, a detailed and reasoned opinion from the IJ, an opportunity to present arguments to the BIA, and a decision from a BIA member. See Loulou v. Ashcroft, 354 F.3d 706, 708-09 (8th Cir. 2003), amended by No. 02-3004, slip op. (8th Cir. Apr. 28, 2004).

Accordingly, we deny the petition.

_____