# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1311

_____

| | | |
|---|---|---|
| Hesham Hassanein, | * | |
| | * | |
| Petitioner, | * | |
| | * | Petition for Review |
| v. | * | of an Order of the |
| | * | Board of Immigration Appeals |
| John Ashcroft, Attorney General of | * | |
| the United States, | * | |
| | * | |
| Respondent. | * | |

_____

Submitted: February 13, 2004
Filed: August 16, 2004

_____

Before MELLOY, McMILLIAN and COLLOTON, Circuit Judges.

_____

McMILLIAN, Circuit Judge.

Hesham Hassanein, an Egyptian citizen, petitions for review of an order of the Board of Immigration Appeals (BIA) affirming a decision of an immigration judge (IJ) denying his application for withholding of removal, 8 U.S.C. § 1231 (b)(3), and for relief under the Convention Against Torture (CAT), 8 C.F.R. § 208.16 (c)(2). We deny the petition.

On petition of his father, who was a lawful permanent resident of the United States, Hassanein entered this country in January 1991, with authorization to remain until July 1991. He stayed beyond that date and in 1998 applied for an adjustment

of status, seeking to become a lawful permanent resident. In 1999, the Immigration and Naturalization Service (INS) denied the application, finding that Hassanein had misrepresented that his father, who had died in 1996, was alive. In 2000, the INS filed a notice of removal. At a removal hearing, Hassanein admitted that he had overstayed his visa. Hassanein then filed an application for withholding of removal and for relief under CAT, alleging that he would be persecuted and tortured if he returned to Egypt because of his membership in a political party.

At a hearing before an IJ, Hassanein testified that he feared persecution and torture if he returned to Egypt because he was a member of the Socialist Labor Party, which he stated was an opposition party the Egyptian government had banned in 2000. Although documentary evidence indicated that the party was founded in 1978, Hassanein claimed he joined the party in 1976 while he was a student in Egypt. He testified that, because of his membership in the party, in 1980 he had been arrested, threatened, and detained for one day in a security office and, after the detention, had been questioned on other occasions. He further testified that because of membership in the party, in 1980 the Egyptian government had arrested, detained, and mistreated his uncle and in 1987 had arrested, detained, and mistreated his cousin. Hassanein claimed that while in the United States, he joined the Minnesota chapter of the party, which had four or five members. However, he had no documentation to corroborate his membership in the party in Egypt or in the United States. He also admitted that on his 1998 application for adjustment of status he did not indicate that he was a member of the party and conceded that he had procured and submitted a forged affidavit of his deceased father in support of the application.

After considering Hassanein's testimony and other evidence, including State Department reports on Egypt, the IJ denied relief. The IJ found that Hassanein lacked credibility, noting, among other things, the fraud in connection with his adjustment application. The IJ stated that Hassanein may have been able to overcome his

credibility problem had he presented verifiable, objective evidence to support his persecution claim, but noted that he had failed to produce such evidence.

In any event, the IJ further found that even if Hassanein's testimony were credible and had he applied for asylum, he would be ineligible. The IJ held that assuming that Hassanein had been arrested and detained for one day in 1980 and questioned on other occasions because of his membership in the Socialist Labor Party, the incidents did not amount to past persecution, especially considering that he had lived in Egypt for many years following his arrest and had obtained an Egyptian passport in 2000. As to future persecution, the IJ noted that, aside from his testimony, there was no evidence of his membership in the party in the United States or Egypt. Because Hassanein could not meet the burden of proof for asylum, the IJ accordingly denied his application for withholding of removal, which carries a higher burden of proof. The IJ also denied relief under the CAT. The BIA summarily upheld the denial.

On reviewing the petition, "[w]e treat the IJ's decision as a final agency action for purposes of judicial review [because] the BIA affirm[ed] without an opinion." Al Tawm v. Ashcroft, 363 F.3d 740, 743 (8th Cir. 2004) (Al Tawm). We must affirm the IJ's "factual findings if they are supported by substantial evidence." Id. Moreover, we defer to the IJ's credibility finding where it is "supported by a specific, cogent reason for disbelief." Perinpanathan v. Ashcroft, 310 F.3d 594, 597 (8th Cir. 2002) (Perinpanathan) (internal quotation omitted). As the IJ noted, "[w]ithholding of removal involves a higher degree of certainty that persecution will occur than that required for asylum eligibility." Al Tawm, 363 F.3d at 744. To be eligible for asylum, an alien must present evidence showing past persecution or a well-founded fear of future persecution, both subjectively and objectively. Id. at 743. To be eligible for withholding of removal, Hassanein had to present evidence that it was "more likely than not that [he] would be subject to persecution" because of his membership in the Socialist Labor Party. Id. at 744 (internal quotation omitted).

Under CAT, he had to present evidence that "more likely than not he [would] be tortured if he return[ed]" to Egypt. Id.

Hassanein could not reasonably challenge the IJ's credibility finding, which is well-supported. As the IJ noted, Hassanein lied several times in connection with his 1998 application for adjustment of status. He represented to the INS that his father, who died in 1996, was alive and asked a friend to forge his deceased father's signature on an affidavit he submitted in support of the application. In addition, Hassanein now requests relief because of membership in the Socialist Labor Party. However, on his 1998 adjustment application when asked whether since age sixteen he had ever been a member of a political party or organization in the United States or elsewhere, he answered "none." It is true, as Hassanein argues, "an alien need not always corroborate his [or her] testimony." Melecio-Saquil v. Ashcroft, 337 F.3d 983, 987 (8th Cir. 2003). However, "it must bear some degree of reliability," which is lacking in this case. Id. Indeed, we have recently stated that if an IJ "'does not believe the [alien] or does not know what to believe, the [alien's] failure to corroborate his [or her] testimony can be fatal.'" Kondakova v. Ashcroft, No. 02-4151, 2004 U.S. App. LEXIS 15596, at *11 (8th Cir. July 29, 2004) (quoting Chebchoub v. INS, 257 F.3d 1038, 1042 (9th Cir. 2001)).

In any event, the arguments Hassanein raises in his petition for review are without merit. Even if Hassanein had been detained for one day and questioned on other occasions because of his involvement with the Socialist Labor Party, the incidents did not establish past persecution. "Brief periods of detention do not necessarily constitute [past] persecution." Al Tawm, 363 F.3d at 743. Indeed, we have stated that "even detentions lasting two or three days [] do not amount to political persecution, even if government officials are motivated by political animus." Eusebio v. Ashcroft, 361 F.3d 1088, 1091 (8th Cir. 2004). Moreover, as the IJ noted, Hassanein lived in Egypt for many years following the alleged one-day detention and had obtained an Egyptian passport in 2000.

-4-

Nor, as he was required to do, did Hassanein present "credible, specific evidence" of a well-founded fear of future persecution, both objectively and subjectively. Al Tawm, 363 F.3d at 743. His testimony concerning his uncle and cousin was "uncorroborated and lacking in detail," and "attacks on family members do not necessarily establish a well-founded fear of persecution." Nyonzele v. INS, 83 F.3d 975, 983 (8th Cir. 1996). Also, other than his testimony, there was no evidence that Hassanein had been a member of the Socialist Labor Party in Egypt or the United States. Indeed, as noted above, on his adjustment application, he represented that he had never been a member of the party here or in Egypt. Because Hassanein "has failed to carry the burden of proof to demonstrate he is eligible for asylum, he also fails under the higher burden of proof required for withholding." Al Tawm, 363 F.3d at 744.

In addition, Hassanein failed to carry his burden of proof under CAT. He has not shown that he suffered past torture and has not provided evidence that "it is more likely than not that he will be tortured if he returns to [Egypt]." Id.; see also Perinpanathan, 310 F.3d at 599 (petitioner's "lack of credibility and failure to document reasons why he believes he will be tortured by government officials [upon return] eliminate his eligibility for relief under [CAT]").

Accordingly, the petition for review is denied.

_____