[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 25, 2005
THOMAS K. KAHN
CLERK

No. 04-11200
Non-Argument Calendar
_____

BIA Nos. A95-216-380 & A95-216-381

NICOLAS ANTONIO PAREJA-VALENCIA,
ROSEMERY GAVIRIA-MENDEZ, et al.,

Petitioners-Appellants,

versus

U.S. ATTORNEY GENERAL,

Respondent-Appellee.

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

(May 25, 2005)

Before ANDERSON, HULL and WILSON, Circuit Judges.

PER CURIAM:

Nicolas Antonio Pareja-Valencia ("Pareja"), Rosemery Gaviria-Mendez,

Esteban Pareja-Gaviria, and Camilo Pareja-Gaviria, through counsel, petition for

review of the BIA's order affirming the IJ's denial of asylum and withholding of removal under the Immigration Nationality Act ("INA") and the United Nations Convention Against Torture and other Cruel, Inhuman, and Degrading Treatment or Punishment ("CAT"). Because Pareja's[1] removal proceedings commenced after April 1, 1997, the permanent rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Publ. L. No. 104-208, 110 Stat. 3009 (1996) apply. The IJ denied Pareja's claims for asylum and withholding of removal, and his claim under the CAT. The BIA affirmed. On appeal, Pareja asserts that the IJ erred in denying him asylum or withholding of removal under INA § 241(b)(3). Pareja contends that the Colombian country reports indicate that he is unable to relocate, and also argues that he established a nexus between the threats made against him and his political opinions.

**A. Asylum**

The BIA's factual determination that an alien is not entitled to asylum must be upheld if it is supported by substantial evidence. <u>Mazariegos v. Office of the United States Attorney General</u>, 241 F.3d 1320, 1323 (11th Cir. 2001). Our review is highly deferential. <u>Al Najjar v. Ashcroft</u>, 257 F.3d 1262, 1284 (11th Cir.

---

[1] Pareja is the primary applicant. His wife and children are derivative applicants and, therefore, rely on Pareja's asylum application.

2001). The denial of asylum may be reversed only if the evidence presented by the petitioner is so powerful that a reasonable factfinder would have to conclude that the requisite fear of persecution exists. See e.g., Mazariegos, 241 F.3d at 1323-24. Finally, we review only the BIA's decision, except when it adopts the IJ's decision, such that a review of that decision is warranted. Al Najjar, 257 F.3d at 1284.

An alien is eligible for asylum if he is a refugee within the meaning of INA § 101(a)(42)(A). INA § 208(b)(1), 8 U.S.C. § 1158(b)(1). A "refugee" includes any person who is unwilling to return to, and is unable or unwilling to avail himself of the protection of, the country of his nationality or where he last habitually resided, because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A). The burden of proof is on the alien to establish that he is a refugee. 8 C.F.R. § 208.13(a). An alien may establish eligibility for asylum if he shows that he has suffered past persecution or has a well-founded fear of future persecution. Al Najjar, 257 F.3d at 1287.

While the INA does not define persecution, courts have generally held that persecution is "punishment or the infliction of harm for political, religious, or

other reasons that this country does not recognize as legitimate." See, e.g. Tamas-Mercea v. Reno, 222 F.3d 417, 424 (7th Cir. 2000). Moreover, "persecution encompasses more than threats to life or freedom; non-life threatening violence and physical abuse also fall within this category." Id. We recently stated that mere harassment is not persecution, and persecution requires "more than a few isolated incidents of verbal harassment or intimidation." Sepulveda v. United States Attorney General, 378 F.3d 1260, 1264 (11th Cir. 2004); see also Nelson v. INS, 232 F.3d 258, 263 (1st Cir. 2000) (persecution "must rise above unpleasantness, harassment, and even basic suffering").

Past persecution includes persecution that occurred in the applicant's country in the past "on account of . . . political opinion," and the applicant "is unable or unwilling to return to, or avail . . . himself of the protection of, that country owing to such persecution." 8 C.F.R. § 208.13(b)(1). A "well-founded fear" of persecution may be established by showing, (1) past persecution that creates a presumption of a "well-founded fear" of future persecution, which may be rebutted with proof that, inter alia, the alien could relocate and it would be reasonable to expect the alien to do so, (2) a reasonable possibility of future personal persecution that cannot be avoided by relocating within the subject country, or (3) a pattern or practice in the subject country of persecuting members

4

of a statutorily defined group of which the alien is part. 8 C.F.R. § 208.13(b)(1) & (2). This well-founded fear must be from a threat of persecution that exists country-wide. Mazariegos, 241 F.3d at 1325-27. The well-founded fear inquiry has both a subjective and an objective component. Al Najjar, 257 F.3d at 1289. The subjective component requires the applicant to demonstrate, through his credible testimony, that his fear of persecution is "genuine and objectively reasonable." Id. The applicant can meet the objective component by proving past persecution or a fear of future persecution." Id.

Substantial evidence exists that Pareja cannot meet the definition of "refugee," as required by the INA, because he cannot demonstrate that he is "unable . . . to avail himself of the protection of [his] country." INA § 101(a)(42)(A). Pareja testified that, following the attempted kidnaping of his son and the incident with the armed people at his office, he went to GAULA, the specialized group of the army that deals with terrorism and kidnaping, who gave him information and guidelines on how to protect himself and his family. Further, Pareja also contacted the local police who gathered all of his information and his statement regarding everything that had happened, and told Pareja that they would pass it on to the prosecutor to handle. Thus, there is no evidence that the various Colombian authorities refused to assist Pareja, or that their assistance was

5

insufficient. Therefore, substantial evidence exists to support the BIA's decision that Pareja cannot meet the definition of "refugee" as required by the INA.

Additionally, substantial evidence exists to support the BIA's decision that Pareja did not face past persecution and was not entitled to asylum. First, Pareja testified that he received several phone calls where the caller stated obscenities and threatened. Further, Pareja also cited the attempted kidnaping of his son by two unknown individuals, and the incident where six armed, unknown individuals broke into his office, demanding to know if he was there. However, we recently stated that mere harassment is not persecution, and there must be more than a few incidents of verbal harassment or intimidation for persecution to exist. See Sepulveda, 378 F.3d at 1264. Moreover, Pareja, or his family, were never physically harmed. See Nelson, 232 F.3d at 264 (the alien did not face past persecution, nor did she have a well-founded fear of persecution, when she was three times placed in solitary confinement and physically abused, and subjected to periodic surveillance, threatening phone calls, occasional stops and searches, and visits to her place of employment). Therefore, substantial evidence exists to support the IJ's decision that Pareja did not face past persecution.

Additionally, Pareja cannot establish that a reasonable possibility of future persecution exists to demonstrate that he has a well-founded fear of persecution.

6

When he was in Colombia, Pareja received phone calls that included obscenities and some threats. However Pareja was never harmed, nor did anyone attempt to harm him. Further, Pareja's father, siblings, grandparents, and mother-in-law remain in Colombia, and Pareja did not provide any evidence that they had been harmed or had received any threats. See Tawm v. Ashcroft, 363 F.3d 740, 743 (8th Cir. 2004) (finding that alien did not establish a well-founded fear where, inter alia, alien's family continued to live in Lebanon without incident). Therefore, Pareja cannot establish that he has a well-founded fear of future persecution, and substantial evidence exists to support the BIA's denial of asylum.

**B. Withholding of Removal**

In a withholding of removal claim, an alien shall not be removed to a country if his life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion. INA § 241(b)(3), 8 U.S.C. § 1231(b)(3). The alien must show that it is "more likely than not that he will be persecuted or tortured upon his return to the country in question." See Fahim v. U.S. Attorney Gen., 278 F.3d 1216, 1218 (11th Cir. 2002). The withholding of removal standard is more stringent than the "well-founded fear" standard for asylum; thus, if an applicant is unable to meet the "well-founded fear" standard for asylum, he generally is unable to qualify for

withholding of removal. See e.g. Mazariegos, 241 F.3d at 1324 n.2; Al Najjar, 257 F.3d at 1292-93.

Because Pareja cannot prevail on his asylum claim, he will be unable to meet the stricter standards of his INA withholding of removal. See Al Najjar, 257 F.3d at 1292-93, 1303.[2]

Upon review of the record and the parties' briefs, we discern no reversible error. Based on the foregoing, we deny the petition for review.

**PETITION DENIED.**

---

[2] Since Pareja failed to argue his CAT claim on appeal, that issue is waived and we need not consider it. See Rowe v. Schreiber, 139 F.3d 1381, 1382 n.1 (11th Cir. 1998) (holding that issues not argued on appeal are deemed waived).