[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 23, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-12220
Non-Argument Calendar

_____

BIA No. A79-467-192

ADRIANA PATRICIA HURTADO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

(June 23, 2005)

Before BIRCH, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

Petitioner Adriana Patricia Hurtado, a native and citizen of Colombia,

through counsel, petitions this court for review of the Board of Immigration

Appeals's ("BIA") order affirming without opinion the Immigration Judge's ("IJ") decision denying her application for asylum and withholding of removal under the Immigration and Nationality Act ("INA") and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"). Hurtado argues that the IJ erred in concluding that she was not entitled to asylum because the death threats she received from the Revolutionary Armed Forces of Colombia ("FARC"), an established guerilla group in Colombia known for its "barberic curriculum," demonstrated that she was persecuted and also established that she has a well-founded fear of persecution if she returns to Colombia.[1] Hurtado also asserts that the internal relocation requirement is unconstitutional as it directly violates the Supremacy Clause of the United States Constitution.

We review the IJ's decision in this case, not the BIA's, because the BIA affirmed the IJ's decision without opinion, thereby making that the final agency determination. *See* 8 C.F.R. § 1003.1(a)(7); *Mendoza v. U.S. Att'y Gen.*, 327 F.3d 1283, 1284 n.1 (11th Cir. 2003). The IJ's factual determinations are reviewed under the substantial evidence test, and we "must affirm the [IJ's] decision if it is

---

[1] Hurtado does not argue on appeal that she should have been granted withholding of removal or CAT relief, but only mentions it in passing in her conclusion. Claims not clearly outlined on appeal are deemed abandoned, and thus will not be addressed. *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005); *Allison v. McGhan Med. Corp.*, 184 F.3d 1300, 1317 n.17 (11th Cir. 1999).

supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Sepulveda*, 401 F.3d at 1230 (quotation omitted) (alteration in original), *superseding* 378 F.3d 1260 (11th Cir. 2004). Under this highly deferential standard of review, the IJ's decision must be deferred to as supported by substantial evidence, unless the evidence would compel a reasonable fact finder to find otherwise. *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1, 112 S. Ct. 812, 815 n.1, 117 L. Ed. 2d 38 (1992); *see also* INA § 242(b)(4)(B), 8 U.S.C. § 1252(b)(4)(B) ("administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary").

Any alien who arrives in or is present in the United States may apply for asylum, which the Attorney General ("AG") has discretion to grant if the alien meets the definition of a "refugee." *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). A "refugee" is:

> [A]ny person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of **persecution or a well-founded fear of persecution on account of** race, religion, nationality, membership in a particular **social group**, or **political opinion**. . . .

*Id.* (emphasis added) (citing 8 U.S.C. § 1101(a)(42)(A)). The asylum applicant carries the burden of proving statutory "refugee" status and thereby establishing

3

asylum eligibility. *Id.* (citing 8 C.F.R. § 208.13(a)). If she meets that burden, the AG may exercise his discretion to grant asylum. *Id.* Here, because the IJ determined that Hurtado failed to establish eligibility for asylum, he did not address whether he would exercise his discretion. Accordingly, we need only address whether substantial evidence supports the finding that Hurtado failed to show statutory eligibility for asylum.

To establish asylum eligibility, the alien must establish, with specific, detailed, and credible evidence (1) past persecution on account of her political opinion, membership in a particular social group, or other statutorily listed factor, or (2) a "well-founded fear" that her political opinion, membership in a particular social group, or other statutorily listed factor will cause future persecution. *Al Najjar*, 257 F.3d at 1287; *see also* 8 C.F.R. § 208.13(a), (b). "[A]n applicant must demonstrate that his or her fear of persecution is subjectively genuine and objectively reasonable." *Sepulveda*, 401 F.3d at 1231 (quotation omitted) (alteration in original). Establishing a nexus between the statutorily listed factor and the feared persecution "requires the alien to present specific, detailed facts showing a good reason to fear that he or she will be *singled* out for persecution on account of" the statutorily listed factor. *D-Muhumed v. U.S. Att'y Gen.*, 388 F.3d 814, 818 (11th Cir. 2004) (emphasis in original) (quotation omitted).

4

Neither the INA nor the regulations define "persecution." "[P]ersecution is an extreme concept, requiring more than few isolated incidents of verbal harassment or intimidation, and . . . mere harassment does not amount to persecution." *Sepulveda*, 401 F.3d at 1231 (quotations omitted). Persuasive authority indicates that, to be an act of persecution, the behavior must threaten death, punishment, or the infliction of substantial harm or suffering. *See Sharif v. INS*, 87 F.3d 932, 935 (7th Cir. 1996). "Threats alone generally do not constitute actual persecution; only rarely, when they are so immediate and menacing as to cause significant suffering or harm in themselves, do threats per se qualify as persecution." *Vatulev v. Ashcroft*, 354 F.3d 1207, 1210 (10th Cir. 2003). "To qualify as persecution, a person's experience must rise above unpleasantness, harassment, and even basic suffering." *Nelson v. INS*, 232 F.3d 258, 263 (1st Cir. 2000).

If the alien demonstrates past persecution, she is presumed to have a well-founded fear of future persecution unless the government can rebut the presumption. 8 C.F.R § 208.13(b)(1). If, however, the alien does not establish past persecution, she bears the burden of demonstrating a well-founded fear of persecution by showing that (1) she fears persecution based on her political opinion, social group, or other statutorily listed factor; (2) there is a reasonable possibility she will suffer persecution if removed to her native country; and (3) she

5

could not avoid persecution by relocating to another part of her country, if under all the circumstances it would be reasonable to expect relocation. *See* 8 C.F.R. § 208.13(b)(2), (3)(i).

In the case at bar, we conclude from the record that substantial evidence exists to support the IJ's conclusion that Hurtado did not suffer past persecution or a well-founded fear of future persecution. Although she testified that she received about 50 threatening telephone calls, mere harassment does not constitute persecution. *See Sepulveda*, 401 F.3d at 1231. Further, despite these threats, Hurtado was never physically harmed. As to future persecution, Hurtado's son remains in Colombia under his grandmother's care without incident in the same town where Hurtado had been threatened. *See Tawm v. Ashcroft*, 363 F.3d 740, 743 (8th Cir. 2004) (holding that an alien did not establish a well-founded fear where, *inter alia*, the alien's family continued to live in Lebanon without incident). Based on this analysis, substantial evidence exists to support the IJ's decision that Hurtado failed to meet her burden of proving that she faced past persecution or had a well-founded fear of persecution and, therefore, was ineligible for asylum. *See* 8 C.F.R. § 208.13(b)(2)(i).

In addition, since Hurtado failed to establish that she faced past persecution or had a well-founded fear of persecution, regardless of whether she could have relocated elsewhere in Colombia, we need not decide whether the internal

6

relocation requirement is constitutional. *See Alltel Communications, Inc. v. City of Macon,* 345 F.3d 1219, 1221 n.2 (noting principle that federal courts should decide constitutional issues unless the court cannot avoid the question).

Based on the foregoing reasons, we deny the petition for review.

**PETITION DENIED.**