# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2296

_____

Oladiran Sunday Alagbe,                    *
                                           *
            Petitioner,                    *
                                           *    Petition for Review
      v.                                   *    of an Order of the
                                           *    Board of Immigration Appeals.
Alberto Gonzales,[1] Attorney General      *
of the United States of America,           *           [UNPUBLISHED]
                                           *
            Respondent.                    *

_____

Submitted: September 26, 2005
    Filed:  September 30, 2005

_____

Before ARNOLD, FAGG, and SMITH, Circuit Judges.

_____

PER CURIAM.

      Oladiran Sunday Alagbe, a citizen of Nigeria, petitions for review of an order of the Board of Immigration Appeals, which affirmed an Immigration Judge's denial

_____

      [1]Alberto Gonzales has been appointed to serve as Attorney General of the United States, and is substituted as appellee pursuant to Federal Rule of Appellate Procedure 43(c).

of asylum, withholding of removal, relief under the Convention Against Torture (CAT), and voluntary departure.[2]

We lack jurisdiction to review the determination that Mr. Alagbe's asylum application was untimely and that he did not show changed or extraordinary circumstances justifying his untimely application. See 8 U.S.C. § 1158(a)(3); Ngure v. Ashcroft, 367 F.3d 975, 988-89 (8th Cir. 2004). After careful review of the record, we conclude that Mr. Alagbe was not entitled to withholding of removal, because he failed to demonstrate a clear probability that he would be persecuted on one of the enumerated grounds if removed to Nigeria. See Tawm v. Ashcroft, 363 F.3d 740, 744 (8th Cir. 2004) (clear-probability standard).

Accordingly, we deny the petition.

_____

---

[2]Mr. Alagbe does not challenge the denial of CAT relief or voluntary departure. See Falaja v. Gonzales, 418 F.3d 889, 897 (8th Cir. 2005); Chay-Velasquez v. Ashcroft, 367 F.3d 751, 756 (8th Cir. 2004).