

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-28-2006

# Farag v. Atty Gen

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1914

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Farag v. Atty Gen" (2006). *2006 Decisions*. Paper 1378.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1378

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————

No. 05-1914

————

MAGDI FARAG,

*Appellant*

v.

ATTORNEY GENERAL OF THE UNITED STATES

————

On Petition for Review from the Board of Immigration Appeals
BIA No. A95-517-104

Initially Docketed as an Appeal from EDPA No. 04-cv-04710
Prior to the Enactment of the Real ID Act of 2005

————

Submitted Under Third Circuit LAR 34.1(a)
February 27, 2006
Before: SLOVITER, FUENTES, and BECKER, *Circuit Judges*.

(Filed March 28, 2006 )

————

OPINION

————

BECKER, *Circuit Judge*.

This is a Petition for Review by Magdi Ali Farag, an Egyptian national, of an order of the Board of Immigration Appeals ("BIA") finding that Farag was not entitled to deferral of removal because he had failed to meet his burden of establishing that it was more likely than not that he would be tortured upon his return to Egypt. Although the action began in Federal District Court as a petition for a writ of habeas corpus, the passage of the REAL ID Act converts this appeal into a petition for review. *Bonhometre v. Gonzales*, 412 F.3d 442, 446 (3d Cir. 2005).

Farag, who attended the University of Cairo and studied law, asserts that he was persecuted and tortured prior to his departure from Egypt in 1984. He states that on one occasion, President Sadat went on TV to say that if there were any more strikes against his government, those responsible for organizing and participating in the strikes would be arrested and put in jail; that he, and other classmates and friends, were detained by the government on several occasions due to its belief that they were engaged in suspicious activities when he was a student at Cairo University; and that he and the others whom he came to know as also having been detained by the Egyptian government were abused, physically, emotionally and verbally, while in official custody. Farag further asserts that the government of President Mubarak was corrupt when he lived there and still is. He contends that the security forces are still brutal and that the problems in Egypt that existed before he fled the country, such as the inability to speak freely and vote freely, continue.

For the reasons that follow, we deny the Petition for Review. Because the parties are

2

fully familiar with the background facts and procedural history we need not set them forth, and limit our discussion to our *ratio decidendi.*

The BIA applied the correct standard of review and afforded Farag due process. He was afforded the opportunity to develop a full evidentiary record so as to elucidate his assertions that he will be tortured upon his return to Egypt based upon the Sadat government's arresting him twice in Cairo in 1979 for student protests; his membership in a group called the Muslim Brothers from 1980 to 1984; his assertion that he will be regarded as a "suspicious" person by the current government; and that he will be tortured by authorities and/or the Muslim Brothers.

Our standard of review is extremely deferential. We must uphold the IJ's findings if they are "supported by reasonable, substantial, and probative evidence on the record considered as a whole," *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1991) (quoting 8 U.S.C. § 1105a(a)(4)), and may not reject them "unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B).

Based upon this rigorous standard, we are constrained to find that substantial evidence supports the BIA's conclusion that there was no evidence that Farag's former Muslim Brothers affiliation was likely to result in torture by government authorities, because Farag was not harmed by Egyptian authorities while he was a member of the organization, and Farag left the organization twenty years ago. Indeed, Farag lived unmolested in Egypt for four years after his arrests for the student activities that occurred during the 1979-80 time

3

period.  Other than those remote events, he offered no other evidence of the likelihood of future persecution.  Likewise, substantial evidence supports the BIA's conclusion that criminal deportees are not subject to detention upon their removal to Egypt.

Our conclusion is supported by *Hassanein v. Ashcroft*, 380 F.3d 324 (8th Cir. 2004), in which the BIA was affirmed on similar facts.  The failure of Farag's asylum claims also dooms his claim under the Convention Against Torture.  *See* 8 CFR 208.17 (2002).

The Petition for Review will be denied.