**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0657n.06
Filed: September 5, 2007

**No. 05-3501**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| Anthonia Betty Nwagwu, | ) | |
|     Petitioner, | ) | |
| v. | ) | |
| | ) | ON APPEAL FROM THE BOARD OF |
| Alberto Gonzales, | ) | IMMIGRATION APPEALS |
| | ) | |
|     Respondent. | ) | OPINION |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

**Before: DAUGHTREY and COOK, Circuit Judges; and CARR, District Judge.**[*]

This is an appeal from the Board of Immigration Appeals. Anthonia Nwagwu petitions for review of the Board's final order of removal on March 29, 2005, denying her asylum, withholding of removal, and protection under the United Nations Convention Against Torture.[1] Jurisdiction exists under 8 U.S.C. § 1252(a).

For the following reasons, this court shall deny the petition.

**Background**

---

[*]The Honorable James G. Carr, Chief Judge of the Northern District of Ohio, sitting by designation.

[1]Nwagwu does not appeal her asylum claim, and acknowledges this court is without jurisdiction to review the IJ's denial of this claim under 8 U.S.C. § 1158(a)(3).

Nwagwu appeals the Board's decision on two grounds: 1) she asks the court for the first time to consider a female genital mutilation (FGM) claim under her Convention Against Torture claim; and 2) argues substantial evidence in the record supported withholding of removal under 8 U.S.C. § 1231(b)(3).

Nwagwu is a native of Nigeria. She has a bachelor's degree from Central Michigan University and is earning her master's degree at Lawrence Technical Institute. She is married to a United States citizen, and has three children who are United States citizens.[2]

The Immigration and Naturalization Service (INS)[3] brought removal proceedings against Nwagwu on August 10, 2001, charging her with having remained in the United States longer than permitted.

Consequently, Nwagwu petitioned for asylum, withholding of removal, protection under the Convention Against Torture, and voluntary departure in lieu of removal. In her petition, Nwagwu alleged that as a Christian and a former model in Nigeria, Islamic fundamentalists would torture her if she returned to her home. On April 28, 2004, the immigration judge (IJ) granted Nwagwu's voluntary departure request and denied all other claims.

The IJ denied Nwagwu's asylum claim as untimely. With regard to her withholding of removal and Convention Against Torture claims, the IJ concluded Nwagwu failed to provide corroborating evidence of her membership in the Christian faith, and failed to submit any evidence she was a Nigerian model or that Islamic fundamentalists target models in Nigeria.

---

[2]Nwagwu's husband, Clovis Nwagwu, filed a Petition for an Alien Relative that was revoked and is pending appeal to the Board. This issue is not before the court.

[3]The Department of Homeland Security now performs the functions of the former INS.

The IJ further determined that Nwagwu failed to prove the group she feared, the Islamic fundamentalists, controlled the Nigerian government. By failing to prove the Nigerian government supported or controlled the alleged persecution, the IJ found Nwagwu had the burden of showing that relocation to another region in Nigeria was unreasonable. The IJ concluded Nwagwu failed to meet this burden. Therefore, the IJ denied Nwagwu's withholding of removal and Convention Against Torture claims.

The Board concurred with the IJ's decision on the merits, and dismissed Nwagwu's appeal without opinion on March 29, 2005.

## Discussion

### I. Female Genital Mutilation Claim Under the Convention Against Torture

Nwagwu asks this court for the first time to consider her fear of FGM as a basis for her claim under the Convention Against Torture.[4] She contends this court can take judicial notice of the high rate of FGM in Nigeria. Nwagwu argues that because no additional evidence is needed, this court can waive the exhaustion requirement under 8 U.S.C. § 1252(d)(1), and decide the claim in her favor.

Section 1252(d)(1) provides:

> A court may review a final order of removal only if—(1) the alien has exhausted all administrative remedies available to the alien as of right, and (2) another court has not decided the validity of the order, unless the reviewing court finds that the petition presents grounds that could not have been presented in the prior judicial proceeding or that the remedy provided by the prior proceeding was inadequate or ineffective to test the validity of the order.

8 U.S.C. § 1252(d)(1).

---

[4]Nwagwu did not appeal her Convention Against Torture petition on any other ground.

The government contends § 1252(d)(1)'s jurisdictional requirement is mandatory, and therefore may not be waived as Nwagwu requests.

"Unlike many contexts in which exhaustion of administrative remedies is a court-created doctrine, Section 1252(d)(1) provides that federal courts are without jurisdiction to hear an immigration appeal when administrative remedies have not been exhausted." *Ramani v. Ashcroft*, 378 F.3d 554, 559 (6th Cir. 2004). Nwagwu did not raise the FGM claim before the Board or the IJ. Thus, she failed to exhaust her administrative remedies on this issue. 8 U.S.C. § 1252(d)(1).

Accordingly, this court is without jurisdiction to consider Nwagwu's FGM claim under the Convention Against Torture.

## II. Withholding of Removal Claim

This court reviews the Board's denial of a withholding of removal claim under a substantial evidence standard. *Yu v. Ashcroft*, 364 F.3d 700, 702 (6th Cir. 2004). Under this standard, the Board's decision is upheld "if it is 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" *Abay v. Ashcroft*, 368 F.3d 634, 637 (6th Cir. 2004) (quoting *Mikhailevitch v. I.N.S.*, 146 F.3d 384, 388 (6th Cir. 1998)) (internal quotation marks omitted). Because the Board affirmed the IJ's decision without an opinion, this court directly reviews the IJ's decision. *Abay*, 368 F.3d at 637-38. The IJ's findings of facts must be upheld unless "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

Nwagwu argues no such evidence justifies the IJ's denial of her claim.[5]

---

[5]Nwagwu does not appeal the IJ's denial of her claim for withholding of removal on the basis that she would suffer persecution as a result of her former career as a model in Nigeria.

4

The government responds that substantial evidence supports the IJ's determination that Nwagwu failed to demonstrate eligibility for withholding of removal. Thus, it argues the evidence does not compel a contrary conclusion.

An alien seeking withholding of removal under 8 U.S.C. § 1231(b)(3)(A) must establish by a clear probability that his or her "life or freedom would be threatened . . . because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A); *Abay*, 368 F.3d at 637. Where, as here, the alien alleges no past threat of persecution, she must show "it is more likely than not . . . she would be persecuted . . . upon removal to that country." 8 C.F.R. § 208.16(b)(2).

An alien will fail to meet this burden if an IJ determines she can avoid persecution by relocating to another part of the country, and it is reasonable for the alien to do so. *Id*. Relocation is presumed to be reasonable unless the alleged persecutor is a "government or is government-sponsored" or the alien has suffered from past persecution. 8 C.F.R. § 208.16(b)(3)(i), (ii). If these exceptions apply, the fact-finder presumes relocation is unreasonable unless the government establishes by a preponderance of the evidence it would be reasonable to relocate under all circumstances. 8 C.F.R. § 208.16(b)(3)(ii).

Substantial evidence in the record supports the IJ's decision. Nwagwu claimed to be a Christian and that as a Christian she would be persecuted on return to Nigeria. Although Nwagwu testified she was a practicing Christian, she did not provide any corroborating evidence. "[E]ven when an applicant's credibility has not been questioned, the failure to provide reasonably available corroborating evidence 'can lead to a finding that an applicant has failed to meet her burden of proof.'" *Shkabari v. Gonzales*, 427 F.3d 324, 331 (6th Cir. 2005) (quoting *Dorosh v. Ashcroft*, 398

F.3d 379, 382 (6th Cir.2004)) (internal quotations omitted). Nwagwu failed to supply corroborating evidence. Thus, substantial evidence supports the IJ's finding that Nwagwu failed to establish she was a member of the Christian faith.

Assuming *arguendo* that Nwagwu proved this essential element, substantial evidence supports the IJ's conclusion that Nwagwu could relocate to the southern region of Nigeria to avoid persecution. Relocation is presumed to be reasonable unless the alleged persecutor is the government or government-sponsored or the alien suffered from past persecution.[6] 8 C.F.R. § 208.16(b)(3)(i), (ii). Nwagwu testified that she feared Islamic fundamentalists, not the Nigerian government. The IJ determined that the country reports indicated the Nigerian government favored the majority faith in a region, which in the southern region of Nigeria is Christianity. Thus, substantial evidence supports the IJ's conclusion that the Nigerian government does not perpetrate the harm feared by Nwagwu, and thus relocation was presumed reasonable.

Consequently, Nwagwu had the burden of showing that relocation was unreasonable. She testified at trial that her mother and brother, who live in the southern region of Nigeria and are Christians, have not been persecuted. This belies her claim that she is unable to relocate to avoid persecution. *C.f. Tawm v. Ashcroft*, 363 F.3d 740, 743–44 (8th Cir. 2004) (finding that an alien showed no well-founded fear of future persecution where, *inter alia*, family members continued to live in the country without harm); *Lim v. I.N.S.*, 224 F.3d 929, 935 (9th Cir. 2000) (recognizing that courts have "allowed ongoing family safety to mitigate a well-founded fear [of future persecution], particularly where the family is similarly situated to the applicant and thus presumably subject to similar risk") (citations omitted). Thus, Nwagwu's objection is not well-taken.

---

[6]Nwagwu does not argue that she suffered past persecution.

Finally, Nwagwu argues that, although she has the burden of proof, she does not have the burden of production. Specifically, Nwagwu contends the IJ failed to take notice of country reports that supported her claim of violence in the southern region of Nigeria. She asserts that immigration judges are specialists in the area and have a duty to be informed of country conditions. Nwagwu argues that the IJ erred by demanding documentary proof of "well known facts." Nwagwu, however, does not provide support for imposing this requirement on immigration judges. Imposing this requirement would seem to shift the burden under 8 C.F.R. § 208.16(b).[7] Accordingly, this argument is without merit.

Thus, substantial evidence supports the IJ's conclusion that Nwagwu failed to establish she would more likely than not be subjected to persecution on return to Nigeria. Therefore, the IJ and the Board did not err in denying Nwagwu's petition for withholding of removal.

## Conclusion

This court is without jurisdiction to address Nwagwu's FGM claim in support of relief under the Convention Against Torture, and denies the petition for review of the Board's decision upholding the IJ's denial of her withholding of removal claim.

---

[7]For an alien to prove a withholding of removal claim, she has the burden of establishing it is more likely than not she will be subjected to persecution if removed to the proposed country. 8 C.F.R. § 208.16(b).