# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3209

_____

Carlos Carmenatte-Lopez,      *
     *
      Petitioner,      *
     *
     *    Petitioner for Review of an
    v.      *    Order of the Immigration
     *    and Naturalization Service.
Michael B. Mukasey, Attorney      *
General of the United States,      *
     *
      Respondent.      *

_____

Submitted: November 12, 2007
Filed: March 3, 2008

_____

Before WOLLMAN, JOHN R. GIBSON, and BENTON, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Carlos Carmenatte-Lopez, a citizen and native of Guatemala, seeks review of an order of the Board of Immigration Appeals (BIA) that affirmed and adopted the decision of an immigration judge (IJ) denying Carmenatte-Lopez's application for, *inter alia*, asylum and withholding of removal. We deny the petition for review.

I.

Carmenatte-Lopez left Guatemala in March 1995. He entered and remained in the United States without inspection, but applied for asylum in March 1996. His application for asylum was administratively terminated, and the government initiated removal proceedings against him in December 2000. Carmenatte-Lopez admitted his removability, but reopened his application for asylum in May 2004, claiming that he had suffered past persecution in Guatemala and feared future persecution and death if he returned.

At his removal hearing in April 2005, Carmenatte-Lopez testified that his decision to leave Guatemala was occasioned by events that took place when he made funeral arrangements for his cousin's mother-in-law, the victim of a drive-by grenade attack on her home. After the funeral, armed men sought him. Carmenatte-Lopez and his girlfriend moved from his home in Santa Elena, Peten, to live in Guatemala City with his stepmother. About three days later, neighbors told him that armed men had come looking for him, and his stepmother asked him to leave because she feared for her safety. Carmenatte-Lopez and his girlfriend left his stepmother's home and lived with a friend in Guatemala City for a month before his entry into the United States. He also testified that his girlfriend's family told them that armed men continued to search for and threaten them and that her brother had been beaten.

After considering this testimony and supporting evidence, including background information on Guatemala and a newspaper article reporting the grenade attack, the IJ denied Carmenatte-Lopez's application for asylum and withholding of removal, finding that his alleged past persecution, fear of future persecution, and threatened death were not based in any of the statutorily enumerated qualifying grounds and that his fear of persecution and death was not well-founded or supported by a clear probability.

II.

Because the BIA summarily affirmed and adopted the IJ's decision, we review for substantial evidence the IJ's factual determinations that Carmenatte-Lopez failed to establish his eligibility for asylum and withholding of removal.  Al Tawm v. Ashcroft, 363 F.3d 740, 743 (8th Cir. 2004).  We will uphold the IJ's findings unless the evidence as a whole would compel any reasonable adjudicator to conclude to the contrary.  8 U.S.C. § 1252(b)(4)(B).

To be eligible for asylum under 8 U.S.C. § 1158(b)(1)(A), Carmenatte-Lopez must establish that he is "unable or unwilling to return to" Guatemala "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion" and thus qualifies for refugee status within the meaning of 8 U.S.C. § 1101(a)(42)(A). Specifically, he must establish that one of these enumerated grounds "was or will be at least one central reason" for his persecution.  8 U.S.C. § 1158(b)(1)(B)(i).  To qualify for withholding of removal under 8 U.S.C. § 1231(b)(3)(A), Carmenatte-Lopez must establish that "his life or freedom would be threatened" in Guatemala because of one of the same five grounds.  8 C.F.R. § 208.16(b).

Carmenatte-Lopez argues that his past persecution, fear of future persecution, and threatened death were and are on account of imputed political opinion.  The record does not compel such a conclusion.  By his own testimony, Carmenatte-Lopez believed that the armed men sought him entirely because he had helped with a funeral for a grenade-attack victim, reported the attackers to the police, and could testify against them if a trial were held.  In his reopened application for asylum, Carmenatte-Lopez claimed that the armed men had sought him because he knew the whereabouts of the victim's daughter and that they would seek to kill him if he returned to Guatemala "for the pure principal [sic] that [he] escaped the men the first time around."  We agree with the IJ's conclusion that the record lacks evidence that the

-3-

grenade attack was politically motivated or that any political beliefs were imputed to Carmenatte-Lopez by the armed men. Furthermore, Carmenatte-Lopez's alleged status as a witness or informant, even with respect to a political crime, would not qualify him for asylum or withholding of removal on the basis of political opinion. See Djouma v. Gonzales, 429 F.3d 685, 688 (7th Cir. 2005); Molina-Morales v. INS, 237 F.3d 1048, 1051-52 (9th Cir. 2001).

Because we conclude that Carmenatte-Lopez has failed to establish that his fear of persecution or death is based on a qualifying ground, we need not reach his argument that it is well founded or supported by a clear probability.

The petition for review is denied.

_____