# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2435

_____

| | | |
|---|---|---|
| Vladimir Pavlovich Gutul, | * | |
| | * | |
| Petitioner, | * | |
| | * | Petition for Review of |
| v. | * | an Order of the Board |
| | * | of Immigration Appeals. |
| Michael B. Mukasey, Attorney General, | * | |
| | * | [UNPUBLISHED] |
| Respondent. | * | |

_____

Submitted: May 16, 2008
Filed: August 29, 2008

_____

Before LOKEN, Chief Judge, BEAM and BYE, Circuit Judges.

_____

PER CURIAM.

Vladimir Pavlovich Gutul petitions for review of an order by the Board of Immigration Appeals (BIA), affirming the decision of an immigration judge (IJ) to deny Gutul's applications for asylum and withholding of removal.[1] We deny the petition.

_____

[1]The BIA also affirmed the IJ's denial of Gutul's application for relief under the Convention Against Torture (CAT). Because Gutul has waived his CAT claim by failing to present meaningful argument on it in his opening brief, we do not consider it here. Chay-Velasquez v. Ashcroft, 367 F.3d 751, 756 (8th Cir. 2004).

We review the BIA's order as the final agency adjudication, and "the IJ's findings and reasoning to the extent they were expressly adopted by the BIA." Fofanah v. Gonzales, 447 F.3d 1037, 1040 (8th Cir. 2006). We review questions of law de novo and we review factual findings for substantial evidence, reversing only if the evidence "'was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution.'" Zacarias-Velasquez v. Mukasey, 509 F.3d 429, 433 (8th Cir. 2007) (quoting INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992)).

To be eligible for asylum, Gutul must establish that he is unable or unwilling to return to Moldova "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." Carmenatte-Lopez v. Mukasey, 518 F.3d 540, 541 (8th Cir. 2008) (quotation omitted). More specifically, Gutul "must establish that one of these enumerated grounds was or will be at least one central reason for his persecution." Id. (internal quotation omitted). Similarly, to qualify for withholding of removal, Gutul must establish that it is more likely than not that he would be persecuted upon return to Moldova on account of one of those same five grounds. Purwantono v. Gonzales, 498 F.3d 822, 824 (8th Cir. 2007). Having carefully reviewed the record, we conclude that substantial evidence–as detailed in the BIA's well-reasoned order–supports the agency's determination that Gutul did not establish past persecution or a well-founded fear of future persecution on account of his political opinion. See 8th Cir. R. 47B. Moreover, the BIA correctly determined that Gutul's proposed social group was neither so readily identifiable nor so well-defined as to constitute a particular social group within the meaning of the Immigration and Nationality Act. See Davila-Mejia v. Mukasey, 531 F.3d 624, 628-29 (8th Cir. 2008) (noting that particular social group must be one whose members are recognized as a group by society and that is defined in specific, objective terms that create a definitive benchmark by which group membership can be determined).

As Gutul did not establish eligibility for asylum, his claim for withholding of removal also fails.  Quomsieh v. Gonzales, 479 F.3d 602, 606 (8th Cir. 2007) (noting that because the standard for withholding of removal is more stringent than the standard for asylum, an alien who fails to establish eligibility for asylum necessarily cannot meet the standard required to qualify for withholding).

For the foregoing reasons, the petition for review is denied.

_____