# United States Court of Appeals

### For the Eighth Circuit

———————————————

No. 16-4531

———————————————

Mynor Morales-Perez

*Petitioner*

v.

Jefferson B. Sessions, III, Attorney General of the United States

*Respondent*

—————————

Petition for Review of an Order of the
Board of Immigration Appeals

—————————

Submitted: November 27, 2017
Filed: December 5, 2017
[Unpublished]

—————————

Before SHEPHERD, MURPHY, and KELLY, Circuit Judges.

—————————

PER CURIAM.

Mynor Morales-Perez, a minor citizen of Guatemala, petitions for review of an order of the Board of Immigration Appeals dismissing his appeal from the decision

of an immigration judge (IJ), which denied him asylum and withholding of removal.[1] Morales-Perez sought immigration relief based on membership in the particular social group "minors from an indigenous group who do not have a support system in Guatemala to protect them."

After careful consideration, we conclude that substantial evidence supports the agency's finding that Morales-Perez failed to show past persecution in Guatemala, or a well-founded fear of future persecution there, due to one of the five protected grounds: race, religion, nationality, membership in a particular social group, or political opinion. Morales-Perez was never harmed in Guatemala, his siblings and grandmother continued to live there unharmed for years after his departure, and the non-specific threats allegedly made against his family by anonymous callers remained unfulfilled. See 8 U.S.C. § 1158(b)(1)(B)(i) (listing asylum grounds); De Castro-Gutierrez v. Holder, 713 F.3d 375, 379 (8th Cir. 2013) (standard of review); Malonga v. Holder, 621 F.3d 757, 764-66 (8th Cir. 2010) (discussing requisite level of persecution; exaggerated, nonspecific threats lacking immediacy do not support finding of persecution); Al Tawm v. Ashcroft, 363 F.3d 740, 743-44 (8th Cir. 2004) (fear of future persecution was not well-founded or reasonable where, inter alia, alien's family continued to live in Lebanon without incident for years after his departure). Having failed to establish his eligibility for asylum, Morales-Perez necessarily cannot satisfy the more rigorous standard for withholding of removal. See Krasnopivtsev v. Ashcroft, 382 F.3d 832, 840 (8th Cir. 2004). The petition for review is denied. See 8th Cir. R. 47B.

_____

[1]The IJ's denial of relief under the Convention Against Torture is not before this court. See Chay-Velasquez v. Ashcroft, 367 F.3d 751, 756 (8th Cir. 2004).